EDWARD GALLIGAN *vs.* CHARLES A. CLARK.

Bristol.   October 27. — 28, 1875.   WELLS & MORTON, JJ., absent.

The provision of the Gen. Sts. c. 156, § 27, that in the taxation of costs "the plaintiff shall be allowed only one term fee if the defendant is defaulted without having appeared," does not apply when the defendant is defaulted on the main issue, and avails himself of the right reserved to him by the Gen. Sts. c. 133, §§ 2, 3, of being heard upon the assessment of damages, and of moving that such assessment be made by a jury.

APPEAL by the defendant from the taxation of costs by the clerk of the Superior Court, in an action of tort.

The case was submitted to the Superior Court, and to this court, on appeal, upon an agreed statement of facts in substance as follows:

The action was entered in the Superior Court at September term 1873. The defendant did not appear and was defaulted at that term, and the case was continued for assessment of damages. The default has never been taken off.

At December term 1873, the defendant's counsel asked the consent of the plaintiff's counsel to the taking off of the default and to their appearance for the defendant in the suit, which was refused. They then said they should be heard upon the assessment of damages. The case was continued from term to term until March term 1875, and no entry of any kind for the defendant was made upon the docket until that term, when the clerk made the entry of "Dean & Reed, upon question of damages."

The case was set down for a hearing by the court at that term, and upon the day it was in order the defendant's counsel filed a motion in writing, asking that the damages might be assessed by a jury, which was granted upon the terms that the defendant first pay the plaintiff his costs in preparing for a hearing that day.

Subsequently at the same term the damages were assessed by a jury, the defendant asking for and having a view.

The clerk taxed the plaintiff's costs for each term, including those of March term 1875. The Superior Court affirmed the taxation.

*J. H. Dean*, for the defendant.

*G. E. Williams*, for the plaintiff.

GRAY, C. J. The provision of the Gen. Sts. c. 156, § 27, that in the taxation of costs "the plaintiff shall be allowed only one term fee if the defendant is defaulted without having appeared," relates to the time when costs are taxed; and a defendant, in order to come within it, must at that time stand defaulted and not have appeared to defend himself against the plaintiff's claim. To construe it with literal and grammatical strictness would deprive the plaintiff of costs after the first term, where the defendant, having once failed to appear, had been defaulted, although he had since had the default taken off, and taken part in the trial of the whole case. It would be equally inconsistent with the object of the statute, which is to prevent the plaintiff from accumulating costs by keeping an undefended case in court, to apply it to the case of a defendant who, although defaulted on the main

issue, has availed himself of the right, reserved to him by the Gen. Sts. *c.* 133, §§ 2, 3, of being heard upon the assessment of damages, and of moving that such assessment be made by a jury.

*Taxation affirmed.*